E-filing

ORIGINAL FILED
JUN 27 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Sylvia Keita, Esq., SB# 108010
Law Offices of Sylvia St. A. Keita
1736 Franklin Street, 10th Floor
Oakland, CA 94612
Telephone (510) 444-6222
Facsimile (510) 444-1704

Tesfaye W. Tsadik, Esq., SB# 108103
Law Offices of Tesfaye W. Tsadik
1736 Franklin Street, 10th Floor
Oakland, CA 94612
Telephone (510) 839-3922
Facsimile (510) 444-1704

Attorneys for Plaintiff

ADR

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

PAMELA SAUCER              )   No. C07-03378 WDB
                           )
       Plaintiff,          )   COMPLAINT
                           )
       v.                  )
                           )
SAINT FRANCIS MEDICAL      )
CENTER, Inc.               )
                           )
       Defendant           )

Plaintiff PAMELA SAUCER, hereinafter "PLAINTIFF" files this complaint and alleges as follows:

**PARTIES**

1. PLAINTIFF, at all time herein mentioned, a resident of Contra Costa County, and a citizen of the State of California.

2. Defendant St. Francis is a non profit corporation incorporated in the State of Louisiana with its principal office in Oak Ridge Louisiana, and as such defendant, at all relevant

-1-

1  times, was a citizen of the State of Louisiana..

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this complaint pursuant to USC §1332, because plaintiff is a citizen of California and defendant is a citizen of Louisiana. Venue is also appropriately established in this judicial district pursuant to 28 U.S.C. §1391(a)(1) as plaintiff is a resident of this district and received and continues to receive substantial part of her treatment in this jurisdiction.

## AMOUNT OF CONTROVERSY

4. Plaintiff has sustained substantial injury and still continues treating thereby incurring substantial medical expenses. The amount of controversy herein, therefore, exceeded $75,000.00 exclusive of interest and costs.

## GENERAL ALLEGATIONS

6. On or about June 30, 2006, PLAINTIFF who was visiting her ailing mother in defendant's hospital, slipped and fell on a slippery liquid which had created a slippery surface in the hallway of defendant Hospital. As she fell she hit the back of her head on the wall along with her left side and ended the fall on the floor on her behind. PLAINTIFF was immediately in tremendous pains and was taken to defendant's emergency room for treatment.

## FIRST CAUSE OF ACTION
(Negligence)

7. Plaintiff incorporates herein by reference the allegations contained in Paragraph 1 through 6.

8. Defendant owed plaintiff the duty to make its premises safe for visitors on its premises who usually come for medical attention or to visit patients.

9. By failing the make the hall way safe, defendant breached its duty towards plaintiff

1 | which resulted in injury and loss to plaintiff.

2 |     10. As a direct and proximate result of defendant's breach of duty, Plaintiff has sustained damages, including permanent injury, wage loss and future medical, in an amount to be established at trial.

    WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

(Premises liability)

11. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 10 of her complaint as though fully set forth hereinafter

12. Defendant owned, operated and managed the premisses negligently in that after cleaning the floor without placing a warning sign to prevent individuals walking on the wet slippery floor.

13. As a direct and proximate result of defendant's breach of duty, Plaintiff has sustained damages, including permanent injury, wage loss and future medical, in an amount to be established at trial.

    WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby requests trial by jury in this matter.

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against defendant as hereinafter set forth.

1. For compensatory damages according to proof.
2. For costs of suit incurred herein;
3. For such other and further relief as the Court deems just and proper.

1  Dated: June 27, 2007

Sylvia Keita, Esq.
Attorney for Plaintiff