JEFFREY D HOSKING, State Bar No. 163975
jdh@llcllp.com
KAREN E. GIQUINTO, State Bar No. 228261
keg@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone:  (510) 433-2600
Facsimile:  (510) 433-2699

Attorneys for Defendant
ST. FRANCIS MEDICAL CENTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAMELA SAUCER,<br><br>    Plaintiff,<br><br>v.<br><br>SAINT FRANCIS MEDICAL CENTER, Inc.,<br><br>    Defendant. | Case No.  C-07-03378 WDB<br><br>**DEFENDANT ST. FRANCIS MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [F.R.C.P. 12(b)(2)] OR IN THE ALTERNATIVE MOTION TO DISMISS FOR IMPROPER VENUE [F.R.C.P. 12(b)(3), 28 U.S.C. § 1406] OR IN THE ALTERNATIVE FOR A TRANSFER OF VENUE [28 U.S.C. § 1404] AND REQUEST FOR AN ORDER STAYING DISCOVERY ON THE MERITS AND EARLY DISCLOSURE REQUIREMENTS UNTIL THE JURISDICTIONAL ISSUE IS RESOLVED; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   September 26, 2007<br>Time:   1:30 p.m.<br>**Magistrate Judge Wayne Brazil** |

I.  **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on September 26, 2007 at 1:30 p.m. in the courtroom of Magistrate Judge Wayne Brazil, located at 1301 Clay Street, Oakland, CA 94612, Defendant St. Francis

Medical Center, Inc. will and hereby does move the Court to dismiss the above-entitled case for lack of personal jurisdiction pursuant to F.R.C.P. 12(b)(2), or in the alternative to dismiss for improper venue pursuant to F.R.C.P. 12(b)(3) and 28 U.S.C. § 1406, or in the alternative to transfer venue pursuant to 28 U.S.C. § 1404 and a request for an order staying discovery on the merits and early disclosure requirements pursuant to F.R.C.P. 26 and/or continuing the Case Management Conference until the jurisdictional issue is resolved. This motion is brought on the grounds that the Court lacks personal jurisdiction over Defendant, that the Northern District of California is the improper venue for this action and that a transfer to the Western District of Louisiana is for the convenience of the parties and witnesses and in the interest of justice.

This motion is based on this Notice and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of K. Scott Wester, the Declaration of Karen E. Giquinto, pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

## II. **INTRODUCTION**

Plaintiff Pamela Saucer has filed a lawsuit claiming negligence and premises liability against Defendant St. Francis Medical Center, Inc. (hereinafter "St. Francis"). Specifically, Ms. Saucer contends that on June 30, 2006, she fell on a slippery liquid in the hallway of St. Francis while visiting her mother. Ms. Saucer further contends that she fell and hit the back of her head along the wall, requiring medical treatment. St. Francis is a small, rural hospital that services the local residents of the greater Monroe, Louisiana area. To force St. Francis to defend this action in California is fundamentally unfair as there is no absolutely no basis for personal jurisdiction.

## III. **AUTHORITY FOR MOTION**

Federal Rule of Civil Procedure, Rule 12(b)(2),(3) provide that a defendant may make a motion to dismiss for "lack of jurisdiction over the person" and "improper venue." In addition, where a case is filed in the wrong venue, the Court shall either dismiss or transfer the case to the proper venue. 28 U.S.C. § 1406. If venue is determined to be proper, the Court also has the discretion to transfer any civil action upon motion for the convenience of the parties and witnesses. 28 U.S.C. § 1404. The Court has the discretion under Civil Local Rule 16-2 to grant

relief from the Order Setting Initial Case Management Conference and early discovery obligations under F.R.C.P. 16 and 26.

IV. **THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT**

In analyzing whether personal jurisdiction exists, one must first look at the "long arm" statute in effect in the state in which the court is located. Aanestad v. Beech Aircraft Corp. (9th Cir. 1974) 521 F2d 1298, 1300; FRCP 4(k)(1)(A). California's "long arm" statute provides that California may exercise jurisdiction over a nonresident defendant "on any basis not inconsistent with the Constitution of the state or the United States." C.C.P. § 410.10.

Constitutional requirements of due process mandate that, in order to subject a non-resident defendant to jurisdiction *in personam*, the defendant must have sufficient "minimum contacts" with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington (1945) 326 U.S. 310, 316. A defendant has a liberty interest in not being subject to judgments from a forum with which there is no meaningful minimum contacts, ties or relations and as a matter of fairness, a defendant should not be haled into a jurisdiction as a result of random or attenuated contacts. Burger King Corp. v. Rudzewicz (1985) 471 U.S. 462.

The burden lies with plaintiff to show that personal jurisdiction is appropriate. Data Disc, Inc. v. Systems Technology Associates, Inc. (9th Cir. 1977) 557 F.2d 1280, 1285.

The concept of minimum contacts includes two types of jurisdiction, general and specific. Tuazon v. R.J. Reynolds Tobacco Co. (9th Cir. 2006) 433 F3d 1163, 1169. As described below, Plaintiff is unable to establish either general or specific jurisdiction over Defendant St. Francis Medical Center, Inc.

A. **General Jurisdiction is Improper as There are No Continuous and Systematic Contacts with the State of California**

General jurisdiction exists where the contacts with the forum state are so strong, they are said to be "substantial, systematic and continuous" to make it consistent with the notions of fair play and justice to allow the defendant to be subjected to the jurisdiction of the forum, even if the current litigation is unrelated to those contacts. Perkins v. Benguet Consolidated Mining Co.

1  (1952) 342 US 437, 445-446. Among other factors, Courts look to whether the defendant
2  engages in business, or holds any licenses in the state. Tuazon, supra, 433 F3d at 1172. There
3  must be a higher level of "contacts" to establish general jurisdiction. Data Disc, Inc., supra, 557
4  F2d 1280, 1287.

5  Here, plaintiff cannot assert general jurisdiction over St. Francis because it does not now
6  have nor has it ever had "continuous and systematic" contact with the State of California. As
7  evidenced by the supporting declaration of K. Scott Wester, none of the factors routinely
8  examined by courts for evidence of such contacts is present on the facts before us. Tuazon, supra,
9  433 F3d at 1172.

10  Without continuous and systematic contact with California, there is no basis to assert
11  general jurisdiction over St. Francis.

### B. There is No Specific Jurisdiction as St. Francis Medical Center, Inc. Has Not Purposefully Availed Itself to the Benefits of California

14  Specific jurisdiction exists only if the defendant has purposefully availed itself of the
15  forum benefits, where the cause of action is related to or arises out of the defendant's contacts
16  with the forum state and where the exercise of jurisdiction is reasonable. Burger King Corp.,
17  supra, 471 U.S. at 472-473.

18  In order to meet the first prong of purposeful availment, a defendant must have
19  purposefully directed its activities towards the state or purposefully availed itself of the privilege
20  of conducting activities within the state. Hanson v. Denckla (1958) 357 US 235, 253-254. These
21  activities must be such that defendant has a reasonable expectation of being sued in that state.
22  World-Wide Volkswagen Corp., supra, 444 US at 297; Terracom v. Valley Nat'l Bank (9th Cir.
23  1995) 49 F3d 555, 560.

24  The second prong in the analysis requires that there be a substantial connection between
25  the defendant's acts and the forum state. Burger King Corp., supra, 471 US at 477-478. In
26  determining whether the claim "arises out of" the nonresident's forum-related activities, Courts
27  use the "but for" test. Ballard v. Savage, (9th Cir. 1995) 65 F3d 1495, 1500. In this case, plaintiff
28  must show that she would not have suffered an injury "but for" St. Francis' forum related

30758-37025 KEG 541036.1 - 4 - MOTION TO DISMISS, TRANSFER VENUE AND REQUEST FOR STAY OF DISCOVERY CASE NO. C-07-03378

1  conduct. Id.

2  Third, the courts look to whether the exercise of personal jurisdiction is reasonable, or in
3  other words, "comport with fair play and substantial justice." Burger King Corp., supra, 471 U.S.
4  at 477-478; Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme (9th Cir. 2006) 433
5  F3d 1199, 1206 (en banc). "Jurisdiction may be established with a lesser showing of minimum
6  contacts if considerations of reasonableness dictate." Ochoa v. J.B. Martin & Sons Farms, Inc.
7  (9th Cir. 2002) 287 F3d 1182, 1188, fn. 2.

8  Courts balance the following factors in determining reasonableness: (1) the extent of the
9  defendant's purposeful availment; (2) the burden on the defendant in defending in the forum; (3)
10 the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in
11 adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the
12 importance of the forum to plaintiff's interest in convenient and effective relief; (7) and the
13 existence of an alternative forum. Core-Vent Corp. v. Nobel Industries AB (9th Cir. 1993) 11
14 F3d 1482, 1487; Burger King Corp., supra, 471 US at 476-477.

15 Here, St. Francis has not purposefully availed itself to the benefits of the State of
16 California. St. Francis is a small hospital servicing the needs of locals in rural northern
17 Louisiana. As reflected in the declaration of K. Scott Wester, St. Francis has absolutely no
18 contacts with the State of California. St. Francis is not incorporated in California and has never
19 qualified to do business in California. Moreover, it has no subsidiaries incorporated or qualified
20 to do business in California. In addition, none of the officers or directors of St. Francis reside or
21 are domiciled in California. St. Francis has no employees residing or domiciled in California; nor
22 has it contracted with persons residing in California to act on its behalf with respect to marketing
23 or distributing any of St. Francis' goods or products. It has no branch office or comparable
24 facilities in California, and has no telephone listings or mailing address in California. It also has
25 no bank accounts or other tangible personal or real property in California. Furthermore, St.
26 Francis does not direct any of its advertising specifically toward California residents, nor does it
27 advertise in any publications that are directed primarily toward California residents.
28 ///

Additionally, as there are no contacts between St. Francis and the State of California, plaintiff can not argue that she would not have suffered injury "but for" St. Francis' forum related conduct.

Finally, to require St. Francis to defend itself in California is not only unreasonable but fundamentally unfair. As discussed above, the alleged negligent act and injury both occurred in the State of Louisiana and not in California. See Scott v. Breeland (9th Cir. 1986) 792 F2d 925, 928. Moreover, St. Francis has not purposefully availed itself to the privileges and benefits of the State of California. As such, this forum has no interest in maintaining jurisdiction over a Louisiana non-profit corporation. The most efficient location for all parties to resolve this controversy is in the State of Louisiana. The only connection this action has to the State of California is the fact that plaintiff resides here. This is clearly not enough. Casualty Assurance Risk Ins. Brokerage Co. v. Dillon (9th Cir. 1992) 976 F2d 596, 601. All of the relevant witnesses as well as the location of the incident are located in Louisiana. To force St. Francis to pay considerable travel expenses to send the numerous witnesses to California for discovery and trial purposes is unreasonable and burdensome. "(T)he law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's burden." Terracom v. Valley National Bank (9th Cir. 1995) 49 F3d 555, 561. In addition some of the relevant witnesses are not employees of St. Francis and this judicial district has no power to compel their cooperation with discovery and trial testimony. Accordingly, there is no rational way that plaintiff can assert jurisdiction over St. Francis and as such St. Francis respectfully respectfully requests that its Motion to Dismiss be granted.

## V. **VENUE IS IMPROPER**

In determining the proper venue, the Courts look exclusively to federal law. Stewart Organization, inc. v. Ricoh Corp. (1988) 487 US 22, 28. 28 U.S.C. § 1391(a) provides a plaintiff may bring a civil action only in:

> "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced."

A corporation's residence, for purposes of venue is deemed to be any district where Residence of a corporation is deemed to be "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.". 28 U.S.C. § 1391(c). In this case, as discussed at length above, Defendant is not subject to personal jurisdiction in this district court and as such, venue is improper under 28 U.S.C. § 1391(a)(1) and (a)(3).

Accordingly, the Court must next look to whether a "substantial part" of the events giving rise to plaintiff's claim occurred here in the Northern District. 28 U.S.C. § 1391(a)(2). A relevant factor in determining where a "substantial part" of the events occurred is where the parties acted or where the injuries occurred. Myers v. Bennett Law Offices, supra, 238 F3d at 1076. Here, the alleged slip and fall causing plaintiff's injuries clearly occurred in Louisiana. Although, plaintiff may argue venue is proper since she is undergoing medical treatment in California, this is not a substantial part of the events giving rise to plaintiff's claim. Smith v. Fortenberry (ED LA 1995) 903 F.Supp. 1018, 1020-1021. As such, venue is improper under 28 U.S.C. § 1391(a)(2) and Defendant respectfully requests that this Court either dismiss plaintiff's claim or transfer it to the Western District of Louisiana. Goldlawr, Inc. v. Heiman (1962) 369 U.S. 463, 466.

VI. **SHOULD THE COURT DETERMINE VENUE IS PROPER, THIS CASE SHOULD STILL BE TRANSFERRED ON THE GROUNDS OF INCONVENIENCE**

A Court has the discretion to transfer a case on inconvenience grounds when the moving party shows that the proposed transferee court is one where there is proper subject matter jurisdiction, personal jurisdiction and proper venue. Hoffman v. Blaski (1960) 363 U.S. 335, 343-344. In determining convenience, courts look to the following factors to determine whether a motion under 28 U.S.C. § 1404 should be granted: (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the interests of justice and (4) whether the action might have been brought in the proposed transfer district, here the Western District of Louisiana. See 28

1  U.S.C. § 1404(a); E.&J. Gallo Winery v. F.&P. Sp.A. (ED CA 1994) 899 F.Supp. 465. This fourth factor requires a showing that the proposed jurisdiction would have had subject matter jurisdiction, that defendant would have been subject to personal jurisdiction and that venue would have been proper. Hoffman, supra, 363 U.S. at 343-344.

St. Francis is a small, local hospital located in the State of Louisiana. Plaintiff will likely argue that her convenience warrants venue in the Northern District of California and that her choice should be given deference. Concededly, a plaintiff's choice of forum is given weight in deciding a motion to transfer venue. However, plaintiff's choice of forum is not dispositive or absolute. Lewis v. ACB Business Services, Inc. (6th Cir. 1998) 135 F.3d 389, 413. St. Francis anticipates that it will call approximately fourteen hospital employees as witnesses to testify concerning the issues of liability, causation and damages. See Declaration of Karen E. Giquinto. These witnesses all reside in the greater Monroe, Louisiana area. Id. The inconvenience not only of the cost, but also the loss of time worked by sending its employees to California to testify at the time of trial greatly outweighs any inconvenience to plaintiff.

Moreover, St. Francis anticipates that it will need to call at least two of plaintiff's treating providers in Louisiana who provided initial treatment to the plaintiff. See Declaration of Karen Giquinto. These witnesses are independent contractors of the hospital and therefore, are not under the subpoena power of this judicial district. As they too are residents of Louisiana, it will be much more convenient for these busy physicians to be subpoenaed in the State of Louisiana.

The purpose of convenience transfer "is to prevent the waste 'of time, energy, and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, (1964) 376 U.S. 612, 616 (citations omitted). Clearly, the number of witnesses located in the Western District of Louisiana evidence that time, energy and money will be saved if the forum is the Western District of Louisiana. Witnesses will not need to spend needless time flying to Oakland. The litigants will not need to spend needless money to get these witnesses to Oakland. Certainly the litigants could conduct depositions in Louisiana, but that too will cost plaintiff considerable time, energy and money. However, getting these witnesses to Oakland for trial will be quite expensive.

1    Finally, the fourth factor is clearly met as this case could have been brought in the Western District of Louisiana. The Western District would have had subject matter jurisdiction over this case because diversity is not destroyed. Second, St. Francis would be subject to personal jurisdiction because it is located and incorporated in Louisiana and services the local residents of the greater Monroe, Louisiana area. See the argument above in Section IV. Finally, venue would have originally been proper in the Western District since the events giving rise to this action occurred in Monroe, Louisiana, which is located in the Western District of Louisiana. See above argument in Section V. As the factors set forth above balance in favor of a transfer under 28 U.S.C. § 1404 to the Western District of Louisiana where the incident giving rise to this lawsuit and where the witnesses are located, the Court should grant St. Francis' motion and order such a transfer if the Court denies St. Francis' motion to dismiss for lack of personal jurisdiction and improper venue.

## VII. THE COURT HAS THE DISCRETION TO STAY EARLY DISCOVERY OR CONTINUE THE CASE MANAGEMENT CONFERENCE UNTIL THE JURISDICTIONAL ISSUES ARE RESOLVED

Due to the nature of this motion and timing of the upcoming initial case management conference on October 1, 2007, St. Francis respectfully requests that this Court stay early discovery requirements pursuant to F.R.C.P. 16 and 26 and continue the initial case management conference approximately 60 days to allow the resolution of the jurisdictional issues. Counsel for Defendant spoke with plaintiff's counsel on August 17, 2007 and advised him of the issue. See Declaration of Karen Giquinto, ¶ 5. Counsel for plaintiff stated that he needed to see the motion first and would not sign a stipulation to continue the Initial Case Management Conference and accompanying early discovery requirements. Id.

Good cause exists to do so as counsel for both parties may change should this case be dismissed and transferred to the Western District of Louisiana. Therefore, unnecessary time and money will be spent on complying with the early discovery requirements should St. Francis' motion be granted. Specifically, the Court ordered that the last day to meet and confer concerning initial disclosures and to file Joint ADR Certificates is September 10, 2007. In addition, the Court ordered that the parties complete initial disclosures and file a Joint Case

1  Management Statement on September 25, 2007. Should St. Francis' Motion to Dismiss or
2  Transfer Venue be granted, many of these documents will be moot as the case may be transferred
3  to Louisiana and new counsel will likely be retained for both parties. See Declaration of Karen
4  Giquinto, ¶ 5. Accordingly, St. Francis respectfully requests that the Court issue an order staying
5  early discovery requirements under F.R.C.P. 16 and 26 and continuing the initial case
6  management conference for a short period to allow the jurisdictional issues to be resolved.

## VIII. CONCLUSION

Defendant St. Francis Medical Center, Inc. respectfully requests that the Court dismiss this action on the grounds that of lack of personal jurisdiction and improper venue. Should the Court, however, determine that personal jurisdiction does exist, Defendant respectfully requests that the Court transfer this case to the Western District of Louisiana on the grounds that California is an inconvenient forum. In addition, due to the timing of this motion, Defendant further requests that the Court stay the early discovery requirements of Rule 26 and continue the Case Management Hearing Set for October 1, 2007, until the jurisdictional issue is resolved.

Dated: August 17, 2007                    LOMBARDI, LOPER & CONANT, LLP


By: /s/ Karen E. Giquinto
KAREN E. GIQUINTO
Attorneys for Defendant
ST. FRANCIS MEDICAL CENTER, INC.