JEFFREY D HOSKING, State Bar No. 163975
jdh@llcllp.com
KAREN E. GIQUINTO, State Bar No. 228261
keg@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone:   (510) 433-2600
Facsimile:    (510) 433-2699

Attorneys for Defendant
ST. FRANCIS MEDICAL CENTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAMELA SAUCER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAINT FRANCIS MEDICAL CENTER, Inc.,<br><br>　　　　Defendant. | Case No.  C-07-03378 WDB<br><br>**DECLARATION OF KAREN E. GIQUINTO IN SUPPORT OF DEFENDANT ST. FRANCIS MEDICAL CENTER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [F.R.C.P. 12(b)(2)] OR IN THE ALTERNATIVE MOTION TO DISMISS FOR IMPROPER VENUE [F.R.C.P. 12(b)(3), 28 U.S.C. § 1406] OR IN THE ALTERNATIVE FOR A TRANSFER OF VENUE [28 U.S.C. § 1404] AND  REQUEST FOR AN ORDER STAYING DISCOVERY ON THE MERITS AND EARLY DISCLOSURE REQUIREMENTS UNTIL THE JURISDICTIONAL ISSUE IS RESOLVED**<br><br>Date:   September 26, 2007<br>Time:   1:30 p.m.<br>**Magistrate Judge Wayne Brazil** |

I, Karen E. Giquinto, declare that:

　　1.　　I am an attorney and associate at Lombardi, Loper & Conant, LLP, attorneys of record in the above-referenced matter for Defendant St. Francis Medical Center, Inc.  I have

///

personal knowledge of all matters stated herein and could competently testify thereto if called upon as a witness.

2. Based upon Defendant's preliminary investigation and without waiving any privilege, Defendants have identified the following witnesses at this time who may be called at the time of trial and the nature of their testimony:

(a) Amanda Foreman, MA is expected to testify to the issues of liability, causation and damages, including her interactions with plaintiff.

(b) John Seaberry is expected to testify to the issues of liability and causation, including the maintenance of the hospital floors.

(c) Lori Cason is expected to testify to the issues of liability, causation and damages.

(d) Melissa Reed, RN is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

(e) Laurie O'Neal, RN is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

(d) Dustin Gross, RN is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

(e) Jean Arnold is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

(f) Sharon Joiner, M.D. is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

(g) Linda Littleton, RN is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

(h) Michelle Norris, RN is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

(i) Micki Laney, LPN is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

(j) Valeri J. Inmon, RNA is expected to testify to the issues of causation and

1            damages, including plaintiff's medical care and treatment.

2        (k)      Kandance Johnson, ERT is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

4        (l)      Yul Brewster, ERT is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

6        (m)      Sharon Long is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

8        (n)      Melissa Smith, M.D. is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

10        (o)      Lin Xiong, M.D. is expected to testify to the issues of causation and damages, including plaintiff's medical care and treatment.

3.      All of the above witnesses reside in the greater Monroe, Louisiana area.

4.      The interests of justice and the convenience of the parties and witnesses would be served by transferring this action to the Western District of Louisiana for the following reasons:

       (a)      It would be burdensome and inconvenient for witnesses Amanda Foreman, MA, John Seaberry, Lori Cason, Melissa Reed, RN, Laurie O'Neal, RN, Dustin Gross, RN, Jean Arnold, Linda Littleton, RN, Michelle Norris, RN, Micki Laney, LPN, Valeri J. Inmon, RNA, Kandance Johnson, ERT, Yul Brewster, ERT, Sharon Long, and Lin Xiong, M.D. to attend trial in California because of the expense of travel and time away from their business and other pursuits. Moreover, as these individuals are employees of Defendant, it would be further burdensome to send this number of employees to California at the same time during trial.

       (b)      It would not be possible to subpoena third party witnesses Melissa Smith, M.D. and Sharon Joiner, M.D. for trial in California as they are independent contractors and not employees of Defendant. Moreover these individuals are subject to subpoena in the district to which transfer is sought.

       (c)      Louisiana law will govern this action and as such, the Western District of Louisiana as well as local counsel will have better familiarity with Louisiana state law.

///

1      (d) California lacks any significant contact with the activities alleged in the complaint as the alleged slip and fall occurred in Louisiana and not California.

5. On August 16, 2007, I contacted counsel for plaintiff via telephone to discuss staying discovery and moving the Initial Case Management Conference in light of Defendant's Motion and the unresolved jurisdictional issues. I spoke with plaintiff's counsel on August 17, 2007 and advised him of the issue. Counsel for plaintiff asserted that personal jurisdiction was not lacking that he would need to see the motion before signing a stipulation to continue the dates.

6. Should the Court grant Defendant's Motion to Dismiss or in the alternative to Transfer Venue, Defendant will retain local counsel in the State of Louisiana.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: August 17, 2007                          /s/ Karen E. Giquinto
                                                               Karen E. Giquinto

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30758-37025 KEG 541314.1      - 4 -      DECLARATION OF KAREN E. GIQUINTO IN SUPPORT OF MOTION TO DISMISS
CASE NO. C-07-03378